678 A.2d 393

**Maria OLIVIERI, Appellant,**

v.

**Frank P. OLIVIERI and Ritamarie Olivieri.**

**Maria OLIVIERI,**

v.

**Frank OLIVIERI, Appellant.**

Superior Court of Pennsylvania.

Argued March 27, 1996.

Filed May 31, 1996.

David Abernethy, Philadelphia, for Maria Olivieri.

Scott M. Pollock, Jenkintown, (submitted), for Frank Olivieri.

Before CAVANAUGH, TAMILIA and MONTEMURO *, JJ.

TAMILIA, Judge.

Frank and Maria Olivieri present cross-appeals from the June 28, 1995 Order dismissing, for lack of jurisdiction, their petitions filed pursuant to the Protection From Abuse Act (PFA), 23 Pa.C.S. § 6101 et seq.

Briefly stated, the facts of this case indicate that the parties, Maria and Frank Olivieri, sister and brother, have engaged in a longstanding dispute over operation of a jointly-owned business. The parties do not reside together and have no non-business contact. On May 22 and 24, 1995, respectively, Mr.

* Retired Justice assigned to the Superior Court.

and Ms. Olivieri received temporary restraining Orders against each other.

After both parties obtained these Orders, Ms. Olivieri's hearing, originally scheduled for May 31, 1995, was continued and consolidated with Mr. Olivieri's hearing scheduled for June 1, 1995. Thereafter, a continuance was granted at the request of Mr. Olivieri's counsel, and the case returned to court on June 19, 1995. At hearings held on June 19 and 20, 1995, both parties presented argument as to the allegations of abuse and the jurisdictional issue. The court then entered temporary abuse Orders and counsel for Ms. Olivieri requested that the court reconsider its ruling. The court did so and, on June 28, 1995, vacated its prior temporary restraining Orders and dismissed the petitions based on a lack of jurisdiction. On appeal, both parties claim the court had jurisdiction to consider their PFA petitions.

The trial court dismissed the petitions on the following basis:

> While it is true that Maria and Frank Olivieri are brother and sister, they are not family members that should be covered under the Protection From Abuse Act. The law is actually designed to protect those living under the same roof or who have access to the same residence from harming each other, and to preserve domestic tranquility. The legislature formulated the Protection From Abuse Act to focus upon the protection of families, not to settle business disputes. While Frank and Maria Olivieri are related by biological parenthood, in reality they are simply feuding business partners who are fighting about the way the business is run. The Olivieris have no connection with one another outside of the business. Through counsel, both parties admitted to the Court that they do not live in the same home, they do no socialize at all, and in fact cannot stand to be in the same room together. Thus, Frank and Maria Olivieri have abandoned in every sense the notion of brotherhood and sisterhood. They are simply business partners who happen to have the same parents.

*　　*　　*　　*　　*　　*

The Olivieris filed suit in the Civil Division to settle their business dispute. However, Maria and Frank Olivieri attempted to utilize the equity function of the Philadelphia Family Courts to bring about an early solution to their dispute. By filing the abuse petitions as vehicles to bring the fight immediately before the court, Maria and Frank Olivieri hoped to have the business dispute settled as the underlying cause of the alleged abuse. Thus, as the real issue in this case is the accounting methods used when ringing out the cash register, this Court did not have the authority to decide this case. The Family Court lacks jurisdiction to hear the pure law questions surrounding the jointly owned business. Thus, Maria and Frank Olivieri must wait and resolve their dispute in the Civil Division.

(Slip Op. at 3–5; citations omitted.)

 We agree with the trial court that the Protection From Abuse Act simply does not apply to the dispute between Maria and Frank Olivieri. We have stated that "the Protection From Abuse Act is a vanguard measure dealing with the problems of wife and child abuse. It is designed to protect against abuse ... between family or household members who reside together [and] also between unmarried persons living together." *Cipolla v. Cipolla*, 264 Pa.Super. 53, 55 n. 1, 398 A.2d 1053, 1054 n. 1 (1979). As found by the trial court, neither the Family Division nor the Protection From Abuse Act are intended to resolve a dispute between business partners who do not reside in the same household, whether or not the partners happen to share biological parents. The proper forum for the Olivieris' claims is the civil courts and we will not allow the Protection From Abuse Act to serve as a weapon in purely business disputes.

 Finally, Maria Olivieri claims that "if jurisdiction existed in the court below to hear [her] petition, [she was] entitled under [section 6107 of the PFA] to an evidentiary hearing within ten days after the temporary *ex parte* Orders were entered[.]" (Appellant's brief at 2; emphasis in original.) As noted, *supra*, Ms. Olivieri filed her petition on May 19, 1995

and, on May 22, 1995, she received a temporary restraining Order. Also on May 22nd, a hearing was scheduled for May 31, 1995. Thus, an evidentiary hearing was scheduled "within ten days after the temporary *ex parte* Orders were entered" and the mandate of section 6107 was satisfied. Further, prior to the May 31, 1995 hearing, Ms. Olivieri consented to a continuance until June 19, 1995. At that hearing, and one held the next day, it was determined that the court lacked jurisdiction over the parties' dispute. Hence, since jurisdiction was lacking, the court was without power to adjudicate the case and neither party was entitled to any further hearing. Lastly, as the express language of Ms. Olivieri's issue indicates, her right to an evidentiary hearing arose only "if jurisdiction existed[.]" Our determination that the trial court properly dismissed the parties' petitions for lack of jurisdiction therefore compels the conclusion that Ms. Olivieri was not entitled to an evidentiary hearing. Thus, her second claim fails.

Based on the foregoing, we affirm the June 28, 1995 Order dismissing the parties' PFA petitions for lack of jurisdiction.

Order affirmed.